**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Raven Crest Leasing, LLC |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-4527844 |

**4.** **Debtor's address**

**Principal place of business**

**1295 Ashford Hill Rd.**
**Ashford, WV 25009**
Number, Street, City, State & ZIP Code

**Boone**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

**5.** **Debtor's website** (URL)   **https://whiteforestresources.com/**

**6.** **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  **Raven Crest Leasing, LLC**
_____
Name

Case number (*if known*) _____

**7.** **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__2114__

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

List all cases. If more than 1, attach a separate list

Debtor  **See Annex A attached**
_____

Relationship _____

| Debtor | Raven Crest Leasing, LLC | | Case number (if known) | |
|--------|--------------------------|--|------------------------|--|
| | Name | | | |

| | District | | When | | Case number, if known | |
|--|----------|--|------|--|-----------------------|--|

**11. Why is the case filed in this district?**    *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**    .    *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|--|--|--|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|--|--|--|
| ☐ $0 - $50,000 | ☑ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|--|--|--|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☑ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Raven Crest Leasing, LLC**
Name

Case number (*if known*) _____

| | |
|---|---|

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **February  7, 2025**
MM / DD / YYYY

**X** **/s/ Brian Ryniker**
Signature of authorized representative of debtor

**Brian Ryniker**
Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

**X** **/s/ Alan M. Root**
Signature of attorney for debtor

Date  **February  7, 2025**
MM / DD / YYYY

**Alan M. Root 5427**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 295-0191**    Email address  **root@chipmanbrown.com**

**5427 DE**
Bar number and State

**ANNEX A**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hardinge Inc.

- Brier Creek Coal Company, LLC
- Bull Creek Processing Company, LLC
- Raven Crest Contracting, LLC
- Raven Crest Leasing, LLC
- Raven Crest Minerals, LLC
- Raven Crest Mining, LLC
- Shenandoah Energy, LLC
- South Fork Coal Company, LLC
- White Forest Resources, Inc.
- Xinergy Corp.
- Xinergy of West Virginia, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| White Forest Resources, Inc., *et al.*, | Case No. 25-xxxxx (xxx) |
| Debtors.[1] | (*Joint Administration Pending*) |

### DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), to the best of their knowledge, information, and belief, hereto state as follows:

1.    The holders of equity in Debtor White Forest Resources, Inc. ("**WFR**") are set forth below.  Each remaining Debtor is wholly owned by its respective parent entity, as follows:

    a.    Debtor Xinergy Corp., is 100% owned by WFR.

    b.    Debtor Xinergy of West Virginia, Inc., is 100% owned by Debtor Xinergy Corp.

    c.    Debtor Shenandoah Energy, LLC, is 100% owned by Debtor Xinergy of West Virginia, Inc.

    d.    Debtor South Fork Coal Company, LLC, is 100 % owned by Debtor Xinergy of West Virginia, Inc.

    e.    Debtor Bull Creek Processing Company, LLC, is 100% owned by Debtor Shenandoah Energy, LLC.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  White Forest Resources, Inc. (3764); Xinergy Corp. (3865); Xinergy of West Virginia, Inc. (2401); Shenandoah Energy, LLC (6770); South Fork Coal Company, LLC (3113); Bull Creek Processing Company, LLC (0894); Raven Crest Mining, LLC  (0122); Brier Creek Coal Company, LLC (9999) Raven Crest Contracting, LLC (7796); Raven Crest Leasing, LLC (7844); and Raven Crest Minerals, LLC (7746). The Debtors' service address is 1295 Ashford Hill Rd., Ashford, WV 25009.

f.  Debtor Raven Crest Mining, LLC, is 100% owned by Debtor Shenandoah Energy, LLC.

g.  Debtor Brier Creek Coal Company, LLC, is 100% owned by Debtor Shenandoah Energy, LLC.

h.  Debtor Raven Crest Contracting, LLC, is 100% owned by Debtor Raven Crest Mining, LLC.

i.  Debtor Raven Crest Leasing, LLC, is 100% owned by Debtor Raven Crest Mining, LLC.

j.  Debtor Raven Crest Minerals, LLC, is 100% owned by Debtor Raven Crest Mining, LLC .

2.  The following is a list of Debtor WFR's equity holders are listed in the following table:

| EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | PERCENTAGE OF EQUITY HELD |
|---|---|---|
| SIPI Master LTD | 24 West Carver Street 2nd Floor Huntington, NY 11743 | 33.6% |
| Shivash LLC | Attn.: Shawn Shivalkar 235 East 40th Street, 16D New York, NY 10016 | 21.8% |
| Spectrum-KSS Master SPC Ltd | 24 West Carver Street 2nd Floor Huntington, NY 11743 | 20.0% |
| Spectrum Credit Opportunities Fund 2 | 24 West Carver Street 2nd Floor Huntington, NY 11743 | 12.4% |
| Spectrum-WFR, LLC | 1253 Springfield Ave., Ste. 201 New Providence, NJ 07974 | 4.9% |
| Vineyard Investment Company LLC | c/o Albert Fried & Co. LLC 45 Broadway, Suite 2440 New York, NY 10006 | 4.1% |

2

| EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | PERCENTAGE OF EQUITY HELD |
|---|---|---|
| Armory Credit Opportunity Fund LP | 1230 Rosecrans Ave., Suite 660 Manhattan Beach, CA 90266 | 1.3% |
| Greg Whirley | On file with the Debtors | 0.5% |
| Art Hale | On file with the Debtors | 0.5% |
| Jake Mercer | On file with the Debtors | 0.2% |
| Angie Fields | On file with the Debtors | 0.2% |
| Seth Schwartz | On file with the Debtors | 0.1% |
| Bob Hypes | On file with the Debtors | 0.1% |
| Phil Sims | On file with the Debtors | 0.1% |
| Drexel Short | On file with the Debtors | 0.1% |
| Jon Sanchez | On file with the Debtors | 0.1% |

**Fill in this information to identify the case:**

Debtor name _____White Forest Resources, Inc., et al._____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 **STATE OF WEST VIRGINIA** PO BOX 229 CHARLESTON, WV 25321 | ATTN LEGAL DEPARTMENT | GOVERNMENT | CU | | | $4,989,298.25 |
| 2 **CSX TRANSPORTATION** CSXT N/A 127785 PO BOX 640839 PITTSBURGH, PA 15264 | ATTN LEGAL DEPARTMENT Brad_Cabay@csx.com | TRADE VENDOR | | | | $4,383,157.57 |
| 3 **CARTER MACHINERY CO., INC.** P O BOX 751053 CHARLOTTE, NC 28275 | ATTN LEGAL DEPARTMENT Tiffany_Garman@cartermachinery.com | TRADE VENDOR | | | | $1,030,734.39 |
| 4 **WEBSTER TRUCKING INC** PO BOX 811 SUMMERSVILLE, WV 26651 | ATTN LEGAL DEPARTMENT chrissy.board@mayesgroup.com | TRADE VENDOR | | | | $830,992.17 |
| 5 **VIRGINIA DRILLING COMPANY, LLC** PO BOX 1198 VANSANT, VA 24656 | ATTN LEGAL DEPARTMENT AR@vadrillco.com | TRADE VENDOR | | | | $793,642.63 |
| 6 **UTICA LEASECO, LLC** 905 SOUTH BOULEVARD EAST ROCHESTER, MI 48307 | ATTN LEGAL DEPARTMENT james.quirk@uticaequipmentfinance.com | TRADE VENDOR | | | | $678,480.00 |
| 7 **BO-RU, LLC** 4601 CHESTERFIELD AVENUE CHARLESTON, WV 25304 | ATTN LEGAL DEPARTMENT bow938@aol.com | TRADE VENDOR | | | | $451,473.16 |
| 8 **FIRST SURETY CORPORATION** 179 SUMMERS STREET, STE 307 CHARLESTON, WV 25301 | ATTN LEGAL DEPARTMENT rj.kenney@firstsuretycorp.com | INSURANCE | | | | $398,125.00 |

| Debtor | White Forest Resources, Inc., et al. | | Case number (if known) | | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 **MINTEK RESOURCES INC** 3725 PENTAGON BLVD STE 100 DAYTON OH 45431 | ATTN LEGAL DEPARTMENT kelly@mintekresources.com | TRADE VENDOR | | | | $314,348.25 |
| 10 **WV DEPT OF ENVIRONMENTAL PROTECTION** 601 57TH STREET SE CHARLESTON, WV 25339 | ATTN LEGAL DEPARTMENT nicki.m.taylor@WV.gov | GOVERNMENT | CU | | | $309,657.57 |
| 11 **HUNHAR EXCAVATING LLC** PO BOX 385 TALCOTT, WV 24981 | ATTN LEGAL DEPARTMENT bogieharvey@gmail.com | TRADE VENDOR | | | | $257,700.00 |
| 12 **BLUECROSS BLUESHIELD OF TENNESSEE** 1 CAMERON HILL CIRCLE CHATTANOOGA, TN 37402 | ATTN LEGAL DEPARTMENT | INSURANCE | | | | $241,303.89 |
| 13 **RT ROGERS INC** 300 GRACE STREET HINTON, WV 25951 | ATTN LEGAL DEPARTMENT mmays@rtrogers.com | TRADE VENDOR | | | | $231,709.82 |
| 14 **BILL MILLER EQUIPMENT SALES, INC.** PO BOX 112 ECKHART MINES, MD 21528 | ATTN LEGAL DEPARTMENT jenni@bmillerequipmentsales.com | TRADE VENDOR | | | | $231,634.70 |
| 15 **MALLARD ENVIRONMENTAL SERVICES** PO BOX 1298 SHADY SPRING WV 25918 | ATTN LEGAL DEPARTMENT rlammonia@yahoo.com | TRADE VENDOR | | | | $213,867.28 |
| 16 **MOUNTAINEER INVESTIGATION & SEC, INC.** PO BOX 891 ATHENS, WV 24712 | ATTN LEGAL DEPARTMENT lstreeby@misincwv.com | TRADE VENDOR | | | | $204,281.13 |
| 17 **COMMONWEALTH COAL MARKETING, INC.** 6800 PARAGON PLACE, STE 440 RICHMOND, VA 23226 | ATTN LEGAL DEPARTMENT bobscott@commonwealthcoal.com | TRADE VENDOR | | | | $190,126.20 |
| 18 **H. DREXEL SHORT** 301 WEST ST NAPLES, FL 34108 | ATTN LEGAL DEPARTMENT dshort14@outlook.com | TRADE VENDOR | | | | $187,500.00 |
| 19 **WILLIAMS FORESTRY & ASSOCIATES** PO BOX 1543 CALHOUN, GA 30703 | ATTN LEGAL DEPARTMENT rick@wfatrees.com | TRADE VENDOR | | | | $187,364.82 |
| 20 **PROFESSIONAL HIGHWALL MINING** 330 HARPER PARK DRIVE, STE E BECKLEY, WV 25801 | ATTN LEGAL DEPARTMENT brian@prohighwall.com | TRADE VENDOR | | | | $181,195.02 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **MOUNTAINEER INVESTIGATION & SECURITY, IN** PO BOX 891 ATHENS, WV 24712 | ATTN LEGAL DEPARTMENT lstreeby@misincwv.com | TRADE VENDOR | | | | $171,034.75 |
| 22 | **S&S FIRESTONE, INC.** 6607 MACCORKLE AVE. SE CHARLESTON, WV 25304 | ATTN LEGAL DEPARTMENT tnewton@sstire.com | TRADE VENDOR | | | | $138,029.75 |
| 23 | **BRANDEIS MACHINERY & SUPPLY COMPANY** DEPARTMENT 8013 CAROL STREAM, IL 60122-8013 | ATTN LEGAL DEPARTMENT Tara_Meade@bramco.com | TRADE VENDOR | | | | $121,887.86 |
| 24 | **SETH IRA SCHWARTZ** 931 SUGARLOAF MOUNTAIN ROAD DICKERSON, MD 20842 | ATTN LEGAL DEPARTMENT schwartz@evainc.com | TRADE VENDOR | | | | $119,758.07 |
| 25 | **RUDD EQUIPMENT COMPANY** PO BOX 77000 DETROIT, MI 48277 | ATTN LEGAL DEPARTMENT mkavanaugh@ruddequipment.com | TRADE VENDOR | | | | $110,264.43 |
| 26 | **SNF MINING INC.** PO BOX 250 RICEBORO, GA 31323 | ATTN LEGAL DEPARTMENT | TRADE VENDOR | | | | $109,650.75 |
| 27 | **SUNDIAL MINING LLC** PO BOX 910667 LEXINGTON, KY 40591   USA | ATTN LEGAL DEPARTMENT michael.castle@pemining.com | TRADE VENDOR | | | | $104,288.87 |
| 28 | **PENN VIRGINIA OPERATING CO., LLC** PO BOX 102992 ATLANTA, GA 30368-2992   USA | ATTN LEGAL DEPARTMENT Matt.Griffith@energytransfer.com | LANDLORD | | | | $91,994.2 |
| 29 | **ADF DIESEL INDUSTRIEL** 5 COTE SAINT-PAUL SAINT-STANISLAS | ATTN LEGAL DEPARTMENT luc.fournier@adfdiesel.com | TRADE VENDOR | | | | $91,742.00 |
| 30 | **M.G.C., INCORPORATED** PO BOX 115 BOLT, WV 25817   USA | ATTN LEGAL DEPARTMENT mgcclearing@yahoo.com | TRADE VENDOR | | | | $83,560.75 |

| Fill in this information to identify the case: |
|---|

Debtor name    **Raven Crest Leasing, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Debtors' Consolidated Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February  7, 2025**          X **/s/ Brian Ryniker**
                                                   Signature of individual signing on behalf of debtor

                                                   **Brian Ryniker**
                                                   Printed name

                                                   **Chief Restructuring Officer**
                                                   Position or relationship to debtor

**RESOLUTIONS OF THE GOVERNING BODIES OF
WHITE FOREST RESOURCES, INC.,
XINERGY CORP.,
XINERGY OF WEST VIRGINIA, INC.,
SHENANDOAH ENERGY, LLC,
SOUTH FORK COAL COMPANY, LLC,
BULL CREEK PROCESSING COMPANY, LLC,
RAVEN CREST MINING, LLC,
BRIER CREEK COAL COMPANY, LLC,
RAVEN CREST CONTRACTING, LLC,
RAVEN CREST LEASING, LLC, AND
RAVEN CREST MINERALS, LLC**

**February 7, 2025**

**WHEREAS**, White Forest Resources, Inc., a Delaware corporation ("**White Forest**") is the sole stockholder of Xinergy Corp., a Tennessee corporation ("**Xinergy**"), its direct wholly owned subsidiary;

**WHEREAS**, Xinergy is the sole stockholder of Xinergy of West Virginia, Inc., a West Virginia corporation ("**Xinergy WV**"), its direct wholly owned subsidiary;

**WHEREAS**, Xinergy WV is the sole Member of Shenandoah Energy, LLC, a Kentucky limited liability company ("**Shenandoah**"), and South Fork Coal Company, LLC, a West Virginia limited liability company ("**South Fork**"), its direct wholly owned subsidiaries;

**WHEREAS**, Shenandoah is the sole Member of Bull Creek Processing Company, LLC, a West Virginia limited liability company ("**Bull Creek**"), Raven Crest Mining, LLC, a Kentucky limited liability company ("**RC Mining**"), and Brier Creek Coal Company, LLC, a West Virginia limited liability company ("**Brier Creek**"), its direct wholly owned subsidiaries;

**WHEREAS**, RC Mining is the sole Member of Raven Crest Contracting, LLC, a Kentucky limited liability company ("**RC Contracting**"), Raven Crest Leasing, LLC, a Kentucky limited liability company ("**RC Leasing**"), and Raven Crest Minerals, LLC, a Kentucky limited liability company ("**RC Minerals**" and together with White Forest, Xinergy, Xinergy WV, Shenandoah, South Fork, Bull Creek, RC Mining, Brier Creek, RC Contracting, and RC Leasing, the "**Companies**"), its direct wholly owned subsidiaries;

**WHEREAS**, the Board of Directors, Member, or Manager(s) of each of the Companies (collectively, the "**Governing Bodies**") have had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company;

**WHEREAS**, the applicable provisions of the Delaware General Corporate Law; the Tennessee Business Corporation Act; the West Virginia Business Corporation Act; the West Virginia Uniform Limited Liability Company Act; the Kentucky Limited Liability Company Act;

and the Bylaws or Operating Agreement of each Company provide that its Board of Directors, Manager or Member, as applicable, may act by written consent in lieu of a meeting;

**WHEREAS**, in accordance with the laws of the State of such Company's jurisdiction of organization and the governing documents of such Company, as amended, restated, supplemented or otherwise modified as of the date hereof, each Governing Body desires to approve and adopt the following resolutions;

## I.   CHAPTER 11 FILING

**WHEREAS**, the Governing Body of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it and the effect of the foregoing on such Company's business, creditors, stakeholders and other parties in interest;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with such Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to such Company;

**WHEREAS**, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is advisable and in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following resolutions;

**WHEREAS**, the Governing Body of each Company has been presented with a proposed voluntary petition (the "**Chapter 11 Petition**") to be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of the "first day" pleadings, applications, affidavits and other documents, in each case, in form and substance substantially similar to the form provided to the Governing Bodies as of the date hereof (collectively, the "**Chapter 11 Filings**") to be filed by such Company before the Bankruptcy Court in connection with the commencement of such Company's Chapter 11 case (the "**Bankruptcy Case**"); and

**WHEREAS**, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy

Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby; and be it further

**RESOLVED**, that Brian Ryniker is appointed as the Chief Restructuring Officer of the Companies; and be it further

**RESOLVED**, that any officer of each Company or its manager or sole member, as applicable, and the Chief Restructuring Officer (each an "**Authorized Person**"), in each case, be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute and verify the Chapter 11 Petition and the Chapter 11 Filings in the name of such Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of such Company shall determine.

## II.    DIP FINANCING

**WHEREAS**, the Governing Body[1] of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties to request that one or more potential financing sources provide such Company with post-petition debtor-in-possession financing, including, but not limited to, new money term loans and new money revolving loans (collectively "**DIP Financing**"), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Financing (the "**DIP Financing Orders**");

**WHEREAS**, the Governing Body of each Company has been presented with and has reviewed the terms and provisions of a term sheet relating to: (i) a senior secured super-priority debtor-in-possession term loan credit agreement (the "**DIP Term Loan Credit Agreement**") by and among such Company and certain of its affiliates, as debtors-in-possession, and Spectrum Origination LLC, as administrative agent and collateral agent  and the parties listed on Annex A to the DIP Term Loan Credit Agreement, as lenders (collectively the "**DIP Term Loan Secured Parties**") and  (ii) a senior secured super-priority debtor-in-possession revolving credit agreement (the "**DIP Revolving Loan Credit Agreement**") by and among such Company and certain of its affiliates, as debtors-in-possession, and Aegis Business Credit, LLC, and Aegis Business Credit, LLC, as lender (collectively, the "**DIP Revolving Lender**" and with the DIP Term Loan Lenders, the "**DIP Lenders**"), pursuant to which the DIP Lenders have agreed to provide such Company with DIP Financing, which provides for the borrowing and reborrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral;

**WHEREAS**, in connection with the DIP Financing, the DIP Lenders require that each Company grant security interests in substantially all of its assets that now or hereafter come into the possession, custody or control of such Company, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP Financing Agreement,

---

[1] For the purposes of this section II, the "Governing Bodies" shall mean only the non-conflicted Board of Directors, Member, or Manager(s) of each of the Companies. For the avoidance of doubt, Gregory A. Whirley Jr. is the only non-conflicted, voting Director for White Forest Resources, Inc. and Xinergy Corp. as it pertains to the consents of this section.

subject to exceptions and limitations to be set forth in DIP Financing Orders and related documents contemplated thereunder (collectively, the "**DIP Documents**"); and

**WHEREAS**, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties, for such Company to (i) consummate the transactions contemplated by the DIP Financing Agreement provided to the Governing Body of such Company, and (ii) empower, authorize and direct the Authorized Persons of such Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP Financing Agreement are hereby, in all respects, authorized, ratified, approved and adopted by the Governing Body of each Company on behalf of such Company; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to incur and to undertake any and all related transactions contemplated under the DIP Financing Agreement and the DIP Documents; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to borrow and reborrow loans, guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute and deliver the DIP Financing Agreement and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Authorized Persons may deem necessary, desirable or appropriate, in order to consummate the transactions contemplated by the DIP Financing Agreement; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Financing Agreement, the DIP Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

**III.    RETENTION OF PROFESSIONALS**

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the law firm of Chipman Brown Cicero & Cole, LLP ("**CBCC**"), as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any

motions, objections, replies, applications, or pleadings in the Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of such Company, and each of them, may or shall approve and/or have previously approved; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the firm of RK Consultants LLC ("**RK**") to provide the services of Brian Ryniker as Chief Restructuring Officer and additional necessary personnel as required and approved by the Companies to represent and assist each Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of RK; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain (i) Jones & Associates ("**Jones**") to serve as special counsel to such Company, and (ii) Stretto ("**Stretto**") to provide consulting services to such Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of such Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in such Company's Bankruptcy Case on such terms as are deemed necessary, appropriate or advisable; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain CBCC, RK, Jones, and Stretto, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "**Professionals**"), and to cause such Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to pay, or cause to be paid, all fees and expenses incurred by such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate or advisable, such payment to be conclusive evidence of their determination.

## IV.     GENERAL

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions and other writings as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of such Company under Chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of such Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed and approved in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability, of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person; and be it further

**RESOLVED**, that the Governing Body of such Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, guarantees, reaffirmations, additional security documents, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary, appropriate or advisable in connection with the Bankruptcy Case, and the DIP Financing, with a view to the successful prosecution of the Bankruptcy Case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of such Company's business; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions.

**[Signature Page Follows]**

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of White Forest Resources, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

_____
Jeffrey A. Schaffer (Feb 7, 2025 09:14 EST)
Jeffrey A. Schaffer (subject to the recusal set forth in footnote 1)


_____
Brian Asby (subject to the recusal set forth in footnote 1)



_____
Gregory A. Whirley Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Xinergy Corp., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

_____
Jeffrey Schaffer (Feb 7, 2025 09:14 EST)
_____
Jeffrey A. Schaffer (subject to the recusal set forth in footnote 1)

_____
Brian Asby (subject to the recusal set forth in footnote 1)

_____
Gregory A. Whirley Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Xinergy of West Virginia, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

_____
Jeffrey Schaffer (Feb 7, 2025 09:14 EST)
Jeffrey A. Schaffer


_____
Brian Asby


_____
Gregory A. Whirley Jr.

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

By: _____
Name: Gregory A. Whirley, Jr., solely in his capacity as Manager of each of Shenandoah Energy, LLC, and South Fork Coal Company, LLC

XINERGY OF WEST VIRGINIA, INC., in its capacity as Sole Member of each of Shenandoah Energy, LLC, and South Fork Coal Company, LLC

_____
By:  Gregory A. Whirley, Jr.
Its:  Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

By: _____

Name: Gregory A. Whirley, Jr., solely in his capacity as Manager of each of Bull Creek Processing Company, LLC; Raven Crest Mining, LLC; and Brier Creek Coal Company, LLC

SHENANDOAH ENERGY, LLC, in its capacity as Sole Member of each of Bull Creek Processing Company, LLC; Raven Crest Mining, LLC; and Brier Creek Coal Company, LLC

By: _____

By:  Gregory A. Whirley, Jr.
Its:  Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first set forth above.

RAVEN CREST MINING, LLC, in its capacity as Sole Member of each of Raven Crest Contracting, LLC;  Raven Crest Leasing, LLC; and Raven Crest Minerals, LLC

_____
By:  Gregory A. Whirley, Jr.
Its:  Authorized Signatory